UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSIE ST. AMANT

VERSUS                                              CIVIL ACTION

CHIEF OF POLICE DABEDEE, ET AL          NUMBER 14-446-BAJ-SCR

### **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 1, 2014.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSIE ST. AMANT

VERSUS                                              CIVIL ACTION

CHIEF OF POLICE DABEDEE, ET AL          NUMBER 14-446-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Baton Rouge City Police Chief of Police Dabedee, East Baton Rouge Parish Prison Warden Dennis Grimes, East Baton Rouge Parish Sheriff Sid Gautreaux, III and the East Baton Rouge Parish Prison.  Plaintiff alleged that his constitutional rights were violated during his arrest and he was denied good time credits by prison officials.  Plaintiff sought release from custody on or before January 9, 2015 and monetary damages.

**I. Background**

Plaintiff entered a plea of guilty to one count attempted possession of a Schedule IV controlled substance in violation of LSA-R.S. 40:969(C) on May 8, 2014.[1]  Plaintiff was sentenced to

---

[1] Record document number 1, p. 18.

imprisonment for two and one half years without hard labor.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. *Heck* Standard**

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck* at 486-87, 114 S.Ct. at 2372. The *Heck* rule was formulated in deference to the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486, 114 S.Ct. at 2372.

Plaintiff alleged that he was arrested unlawfully, despite having pled guilty to attempted possession of a schedule IV controlled substance. In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 481 (5th cir. 1999). Here, the plaintiff was arrested for a crime of which he was ultimately convicted. *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest. *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).

Plaintiff further alleged that East Baton Rouge Parish Prison officials denied him good times credits in violation of his constitutional rights.

Plaintiff's claims regarding the denial of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Unless he can demonstrate that a state court or other authorized tribunal has determined that earned good time credits were improperly denied, he has no claim for damages against any defendant that is cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

§1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, August 1, 2014.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE